NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY GRANT, | |
| Petitioner, | Civil Action No. 14-3423 (PGS) |
| v. | OPINION |
| ROBERT BUECHELE, *et al.*, | |
| Respondents. | |

**SHERIDAN, DISTRICT JUDGE:**

Before this Court is the Amended Petition for a writ of habeas corpus of Petitioner Jeffrey Grant ("Petitioner"), brought pursuant to 28 U.S.C. § 2254. (D.E. No. 4). Respondents filed an Answer (D.E. No. 10), and Petitioner filed a Response. (D.E. No. 11.) For the following reasons, the Court DENIES the Petition, and declines to issue a certificate of appealability.

**I. BACKGROUND**

In its opinion affirming the denial of post-conviction relief ("PCR"), the Superior Court of New Jersey, Appellate Division, provided the following brief summary of the factual background of Petitioner's trial:

> Defendant was charged by a Monmouth County grand jury with first-degree murder of his estranged wife, Theresa, contrary to N.J.S.A. 2C:11–3; third-degree possession of a weapon for an unlawful purpose, contrary to N.J.S.A. 2C:39–4(d), and four counts of witness tampering, contrary to N.J.S.A. 2C:28–5. Defendant was tried before a jury.
>
> At the trial, the State presented evidence which established that on August 21, 2000, defendant drove from his residence in Middletown, Pennsylvania to a fast-food restaurant in Millstone, New Jersey, where Theresa worked. Defendant arrived late in the afternoon and waited in the parking lot, looking for his wife through

1

> binoculars. When Theresa emerged from the restaurant, defendant confronted her. They argued and he stabbed Theresa numerous times, puncturing both of her lungs. Theresa was taken by ambulance to a hospital, where she died.
>
> Defendant returned to his home. He called his eighteen-year-old daughter, Patricia, and told her he had stabbed her mother but she was fine. Defendant then spoke with this twelve-year-old son and said he stabbed Theresa once with a "tiny pocket knife." Defendant told his son and daughter that he needed an alibi and they should tell the police that he was with Patricia at the time Theresa was attacked.
>
> When the police arrived at defendant's home, they informed him of his *Miranda* rights. Defendant initially denied involvement in the stabbing of his wife. The police told defendant that witnesses at the scene had identified him and his car. Defendant became angry and told the police to speak to his daughter. When the police interviewed Patricia, she initially corroborated defendant's story.
>
> The police seized a number of items from defendant's car, including his glasses, a plastic garbage bag and a pair of gloves. Portions of the interior of the car were seized and tested. DNA from the blood stains in the car matched Theresa's DNA. Defendant was arrested. Thereafter, defendant communicated with Patricia and told her to continue telling the police her false alibi story. Patricia later called the police and told them that she had lied.
>
> The trial court dismissed one witness tampering charge, and the jury found defendant guilty of all the remaining charges. Defendant was sentenced to an aggregate term of thirty-four years of incarceration, with a thirty-year period of parole ineligibility.

*State v. Grant*, Indictment No. 01-04-0697, 2012 WL 633209, at *1 (N.J. Super. Ct. App. Div. Feb. 29, 2012).

Petitioner received his judgment of conviction on April 11, 2003. (D.E. No. 10-4 at 35.) He appealed his conviction and sentence, and the Appellate Division affirmed his conviction on March 21, 2005. (D.E. No. 10-8 at 58–65.) The New Jersey Supreme Court denied certification on May 25, 2005. (*Id.* at 66.) Petitioner then filed a PCR petition, executed on May 2, 2008 (*Id.*

2

at 67–70), which was denied by the Superior Court of New Jersey, Law Division, on February 19, 2010, as time-barred and lacking merit. (D.E. No. 10-26 at 8–13; D.E. No. 10-8 at 219.) Petitioner appealed, and on February 29, 2012, the Appellate Division affirmed the denial of PCR. (D.E. No. 10-10 at 16–28.) The Supreme Court of New Jersey denied certification on June 28, 2012. *State v. Grant*, 48 A.3d 356 (N.J. 2012). Petitioner filed a second PCR petition,[1] which was denied by the Superior Court of New Jersey, Law Division, as time-barred, on October 31, 2013. (D.E. No. 10-28.) Petitioner then filed a habeas petition with this Court, executed on May 23, 2014. (D.E. No. 1 at 15.) This Court administratively terminated his petition for failure to use a proper habeas form (D.E. No. 2), and Petitioner executed an Amended Petition on July 2, 2014. (D.E. No. 4). In his Amended Petition, Petitioner raises four grounds for habeas relief:

1. Trial counsel rendered ineffective assistance in failing to seek to sever the counts of witness tampering and weapons possessio[n] counts in violation of defendant[']s state and federal const. rights.

2. Trial counsel rendered ineffective assistance in failing to request a jury instruction on aggravated manslaughter.

3. Trial counsel was ineffective in failing to raise the only viable defense of diminished capacity.

4. Trial (PCR) court erred in denying defendant's petition for post-conviction relief without affording an opportunity to fully address contention of ineffective assistance of counsel in violation of 6th Amend.

(D.E. No. 4 at 5–10.)

Respondents filed an answer to the habeas petition, in which they argue Petitioner's claims are time-barred, Ground Three is procedurally barred, and the claims are meritless. (D.E. No. 10-1.) The Court agrees that the Petition is untimely.

---

[1] Respondents date the filing of his second petition as June 27, 2013. (D.E. No. 10-1 at 8, 13.) The document provided by Respondents has no date and the stamped date is illegible. (D.E. No. 10-27 at 1.)

3

## II. STATUTE OF LIMITATIONS ANALYSIS

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000).

Here, Petitioner received his judgment of conviction on April 11, 2003.[2] (D.E. No. 10-4 at 35.) He appealed, and the Supreme Court of New Jersey ultimately denied certification on May 25, 2005. (D.E. No. 10-8 at 66.) Petitioner then had 90 days in which to file a petition for writ of

---

[2] This is the stamped date. The date written in the judgement of conviction is April 4, 2003. (D.E. No. 10-4 at 35.) The Court will refer to the later date, in Petitioner's favor.

4

certiorari to the United States Supreme Court, but does not appear to have done so. Accordingly, the 90 days expired on August 23, 2005, after which the one-year statute of limitations period began to run. *See Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 122 (3d Cir. 2017).

A properly filed PCR petition will statutorily toll the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2). In this case, Petitioner executed his first PCR petition on May 2, 2008.[3] (D.E. No. 10-8 at 67–70.) Nevertheless, even if Petitioner's PCR petition entitles him to tolling, the instant habeas Petition is still time barred by over a year and a half; the time between when the one-year statute of limitations period began to run on August 24, 2005, and the date he executed his initial PCR Petition on May 2, 2008, is over two years and eight months. Absent a showing by Petitioner that he is entitled to equitable tolling, Petitioner's current habeas Petition is time barred.[4]

To be entitled to equitable tolling, Petitioner must show "(1) that he faced extraordinary circumstances that stood in the way of timely filing, and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (internal citation and quotations omitted). Further, while equitable tolling has been applied to the habeas limitations period, it "is a remedy which should be invoked only sparingly." *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (internal citations and quotations omitted).

---

[3] The Appellate Division, in affirming the denial of PCR, dates the filing of the PCR petition as May 8, 2008. (D.E. No. 10-10 at 19.) Again, the Court will refer to the earlier date, in Petitioner's favor.

[4] Further, the Supreme Court has explained in *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), that if a petitioner's state PCR petition is rejected as untimely by the state court, the petition is not "properly filed" and not entitled to AEDPA statutory tolling. Thus, here, because the state court denied Petitioner's first PCR petition as untimely, he is not entitled to statutory tolling. (*See* D.E. No. 10-26 at 8–13; D.E. No. 10-10 at 16–22.)

Petitioner states in the instant Petition: "Defendant has been actively engaged in the state appellate process in an effort to exhaust his state remedies. As such, it is respectfully requested that the time not be counted toward any period of limitation under section 28 U.S.C. [§] 2254."[5] (D.E. No. 4 at 13.) To the extent Petitioner has been engaged in the state appellate process, the fact remains that he filed his initial PCR petition well after the one-year limitations period. Even if the Court agreed with Petitioner, that he is entitled to tolling from the point he filed his initial PCR petition forward—because he was engaged in the state appellate process—he has given no explanation for the time-period before that. Thus, because Petitioner has not provided any other argument as to why he should be permitted to proceed despite the untimeliness of his habeas Petition, Petitioner's current Petition is time barred and must be denied.

### III. **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

---

[5] In Petitioner's traverse, he fails to give any further explanation for his delay. (D.E. No. 11.)

6

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. Therefore, no certificate of appealability shall issue.

IV. **CONCLUSION**

For the reasons stated above, the Petition for habeas relief is denied as untimely under 28 U.S.C. § 2244(d), and a certificate of appealability will not issue. An appropriate order follows.

Dated: 4/2/18

PETER G. SHERIDAN
United States District Judge